UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ZANE HUBBARD,

    Plaintiff,

v.

JOHNSON, et al.,

    Defendants.

Case No. 19-cv-04136-JST

**ORDER OF DISMISSAL**

## INTRODUCTION

Plaintiff, an inmate at Salinas Valley State Prison ("SVSP"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis* in a separate order. His complaint (ECF No. 1) is now before the Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

**A.    Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.      Complaint**

The complaint names the following defendants: SVSP Correctional Counselor II ("CCII") Johnson, SVSP Dr. Elsaid, SVSP Warden Muniz, and Sacramento County Superior Court Judges Lucas, McCormick, and Sumner (collectively, the "judge-defendants"). ECF No. 1 ("Compl.") at 1-3.

The complaint makes the following allegations. Plaintiff is unlawfully in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). On August 2018 and March 2019, the judge-defendants discriminated against Plaintiff based on his race when they found him incompetent to stand trial, sentenced him to the Department of State, and ordered him medicated and hospitalized if he refused to abandon his defense. Compl. at 4. Plaintiff filed five grievances alleging that the orders issued by defendants Judge McCormick and Judge Sumner were racially discriminatory. *Id.* Upon arriving at SVSP hospital in March 2019, Plaintiff filed two grievances alleging that the hospital was a threat to his health and safety. *Id.*

On July 1, 2019, Plaintiff met with his Intra-Departmental Treatment Team ("IDTT") Committee. Defendants CCII Johnson and SVSP Dr. Elsaid are both on his IDTT. Compl. at 5. At the meeting, Plaintiff was in mechanical arm restraints and calmly seated. *Id.* Upon meeting Plaintiff, defendant CCII Johnson said with aggression, "You are Black!" *Id.* Plaintiff responded,

2

"Fuck you, stupid ass nigger bitch, don't call me that shit. I'm Maya." *Id.* Defendant CCII Johnson responded, "What I said is not a reason to get mad, my file said you are Black!" *Id.* Plaintiff told Johnson that Black was not his heritage. *Id.* Plaintiff became defensive because defendant CCII Johnson knew from Plaintiff's file that "state government[s] are racially discriminatory against him." *Id.* Plaintiff was then escorted back to his cell without incident. *Id.*

On July 3, 2019, SVSP Medical Tech Assistant Strimikis offered Plaintiff psychotropic medication. Compl. at 5. Plaintiff refused the medication because he had been housed at SVSP for over four months without needing psychotropic medication. Compl. at 6. MTA Strimikis informed Plaintiff that he had been placed on an involuntary medication order and that if Plaintiff refused the medication, it would be administered intravenously. *Id.* Plaintiff stated that he was unaware of any involuntary medication order. *Id.* Dr. Elsaid gave Plaintiff a court order dated June 4, 2019 and signed by Judge Lureas that ordered that Plaintiff be involuntarily medicated. *Id.* Plaintiff claims that the June 4, 2019 order and the attempt to medicate him against his will are illegal, retaliatory and discriminatory because Dr. Elsaid ordered the medication after CCII Johnson insulted Plaintiff's heritage, Plaintiff is in mechanical restraints so does not pose an immediate, unnecessary danger; and Plaintiff did not threaten CCII Johnson. Compl. at 7. Plaintiff further alleges that the attempt to medicate him against his will is an excessive use of force. *Id.* Plaintiff alleges that Defendants' actions violate numerous state regulations, such as sections 3000, 3004, 3270, 3271, 3272, 3278, 3285, 3291, 3303(b)(1), 3380, 3391, 3413(a)(2), 3413(a)(6), and 3415 of the California Code of Regulations, title 15. Compl. at 7-8.

Petitioner requests the following relief: (1) a preliminary restraining order against CDCR directors, secretaries and undersecretaries enjoining them from racial discrimination pursuant to Article 19c, Section 4 of the California Constitution, and Section 3418(c) of the California Code of Regulations, title 15; (2) "a jury public trial for racial discrimination," and (3) that CDCR Director Timothy M. Lockwood be required to pay the full filing fee for violating CDCR policy and "assaulting [Plaintiff] with chemical agents for discrimination." Compl. at 9.

**C.   Legal Claims**

Plaintiff alleges that Defendants have violated the Eighth Amendment of the Federal

3

United States District Court
Northern District of California

constitution; Article I, Section 19 of the California Constitution; 42 U.S.C. §§ 1983, 1985; 18 U.S.C. § 241, and various sections of the California Code of Regulations, title 15. Liberally construed, Plaintiff appears to allege that (1) the judge-defendants discriminated against him on the basis of race and acted in retaliation for his later-filed grievances when they issued orders authorizing his involuntary medication and hospitalization; (2) Dr. Elsaid and CCII Johnson tried to administer medication to him against his will because of his race, in retaliation his defensiveness regarding CCII Johnson's statement that Plaintiff is Black, and in violation of the prohibition on excessive force in both the California and Federal constitution; (3) Warden Davis failed to protect him from harassment by prison staff in violation of state regulations; and (4) Defendants violated various state regulations; 42 U.S.C. §§ 1983, 1985; and 18 U.S.C. § 241.

The complaint will be dismissed with prejudice for the following reasons.

First, the judge defendants are entitled to judicial immunity for the alleged actions and therefore DISMISSED from this action with prejudice. A claim under 42 U.S.C. § 1983 may be maintained against a government official in her individual capacity who, under color of law, deprives an individual of constitutional rights. However, certain categories of government officials are protected from such claims by absolute immunity. *See Forrester v. White*, 484 U.S. 219, 225-226 (1988). A state judge is absolutely immune from civil liability for damages for acts performed in his or her judicial capacity. *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983). Only actions taken "in clear absence of all jurisdiction" will not be protected by absolute immunity. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Judicial immunity is an immunity from suit, not just from an ultimate assessment of damages. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). To determine whether absolute immunity applies, the inquiry focuses on the nature and function of the act, not the specific action taken. *See Stump*, 435 U.S. at 362. Whether an act by a judge is a judicial one relates to (1) the nature and function of the act and not the act itself, i.e., whether it is a function normally performed by a judge, and to (2) the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity. *Stump*, 435 U.S. at 362. Other factors in determining whether a particular act is judicial include whether: (1) the events occurred in the judge's

4

chambers, (2) the controversy centered around a case then pending before the judge, and (3) whether the events arose directly and immediately out of a confrontation with the judge in his or her official capacity. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001). If the act is judicial in nature, absolute immunity attaches even if the act is done maliciously or in bad faith, involves grave procedural errors, or exceeds the judge's jurisdiction. *See Stump*, 435 U.S. at 359. The issuance of court orders is a quintessential judicial function. *Id.* at 362 (finding that a judge's issuance of an order was a judicial act and "the type of act normally performed only by judges"). Plaintiff is challenging the judge-defendants' issuance of orders that authorized his forced medication and hospitalization, which are judicial actions. Accordingly, Defendants Judges Lueras, McCormick, and Sumner are absolutely immune from the claims in this action. These defendants are DISMISSED from this action with prejudice.

Second, Defendant Dr. Elsaid is entitled to absolute immunity with respect to his actions in administering medication to Plaintiff against his will because he was acting pursuant to facially valid court orders issued by the judge defendants.

> Prison officials who simply enforce facially valid court orders "are performing functions necessary to the judicial process." *Miller*, 335 F.3d at 895-96. They must not be required to second-guess the courts if that process is to work fairly and efficiently. For this and the other reasons discussed above, we hold that prison officials, like the defendants in this case, who are charged with executing facially valid court orders enjoy absolute immunity from § 1983 liability for conduct prescribed by those orders.

*Engebretson v. Mahoney*, 724 F.3d 1034, 1042 (9th Cir. 2013) (finding that prison officials who placed inmate-plaintiff on probation pursuant to court order were entitled to absolute immunity even though the probation term was later determined to be illegal because there was no question that state court had authority to issue order, that defendant prison officials had authority to enforce order, or order was facially valid).

Third, Plaintiff has failed to state a cognizable First Amendment retaliation claim against defendant Dr. Elsaid. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the

5

inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). The prisoner must show that the type of activity he was engaged in was constitutionally protected, that the protected conduct was a substantial or motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no legitimate penological interest. *Hines v. Gomez*, 108 F.3d 265, 267-68 (9th Cir. 1997) (inferring retaliatory motive from circumstantial evidence). Liberally construed, the complaint alleges that Dr. Elsaid sought to administer medication to Plaintiff against his will in retaliation for Plaintiff's defensive reaction towards CCII Johnson insulting his heritage. Plaintiff's defensive reaction to CCII Johnson is not protected conduct, and the administration of medication to Plaintiff pursuant to a court order advances the penological order of maintaining prison safety by complying with court orders.

Fourth, the complaint's allegation that CCII Johnson insulted Plaintiff's ethnic heritage fails to state a cognizable Section 1983 claim. Allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008). This is so even if the verbal harassment is racially motivated. *See Hoptowit v. Ray*, 682 F.2d 1237, 1252 (9th Cir. 1982) (federal court cannot order guards to refrain from using racial slurs to harass prisoners).

Fifth, Plaintiff's allegations that Defendants have violated state regulations or the California constitution fail to state cognizable § 1983 claims. As discussed *supra*, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of either federal law or of the United States Constitution. *West*, 487 U.S. at 48. Furthermore, the state regulations cited by Plaintiff have not created a private right of action. For example, Section 3000 sets forth general definitions, Section 3004 sets forth general guidelines encouraging inmates, parolees, and officials to treat each other with respect and dignity, Section 3270 sets forth the primary objectives of the CDCR; Section 3391 discusses employee conduct; Section 3413 lists activities considered to be "incompatible" for CDCR employees. "The existence of regulations governing the conduct of prison employees does not necessarily entitle Plaintiff to sue civilly to enforce the regulations or to

sue for damages based on the violation of the regulations." *Chappell v. Newbarth*, No. 106CV-01378OWW-WMWPC, 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009).

Sixth, Plaintiff has failed to state a claim against Warden Muniz. Plaintiff's only allegation against Warden Muniz is that he failed to prevent Plaintiff from being harassed in violation of state regulations. There is no respondent superior liability under Section 1983, i.e. no liability under the theory that one is liable simply because he supervises a person who has violated a plaintiff's rights. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Moreover, as discussed above, there is no private right of action for violation of Title 15 of the California Code of Regulations.

Seventh, there is no private right of action under 18 U.S.C. § 241. *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (affirming the dismissal claims under 18 U.S.C. § 241 because it is a criminal statute that does "not give rise to civil liability").

In sum, the majority of the conduct challenged by Plaintiff's claims were the court orders ordering that Plaintiff be medicated against his will, and Defendants' conduct pursuant to these court orders. Defendants are entitled to judicial immunity with respect to these claims. The allegations that CCII Johnson verbally harassed Plaintiff because of Plaintiff's ethnic heritage fails to state a cognizable Section 1983 claim. Finally, the state and federal regulations that Plaintiff claims were violated do not provide for a private right of action. Accordingly, this action is DISMISSED with prejudice. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (district court may dismiss without leave to amend where amendment would be futile).

## CONCLUSION

For the reasons set forth above, this action is DISMISSED with prejudice. The Clerk shall enter judgment in favor of Defendants and close the file.

**IT IS SO ORDERED.**

Dated: October 29, 2019

JON S. TIGAR
United States District Judge